UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET BEPPLER, as Administrator of the Estate of Jeffrey Eastman, ) ) ) Plaintiff, ) ) v. ) ) WEXFORD HEALTH SOURCES, ) INC, et al, ) ) Defendants. ) | Case No. 22-cv-3052-CRL-DJQ |

**ORDER**

This cause is before the Court on Plaintiff's motions to compel.[1]

I.   Procedural Background

On April 13, 2022, Plaintiff Janet Beppler, as Administrator of the Estate of Jeffrey Eastman, filed this suit under 42 U.S.C. § 1983 against Defendants alleging that Defendants violated Jeffrey Eastman's (her son, who is now deceased) Constitutional rights and his rights under Illinois state law. According to Plaintiff's Complaint, which she amended on September 6, 2022, Eastman died from an aortic dissection after the individually named Defendants denied Eastman access to emergency medical care despite knowing that he was experiencing signs and symptoms of an obvious cardiac emergency.

---

[1] Plaintiff has filed identical motions to compel. The only difference is that the Court granted Plaintiff leave to file one motion under seal.

1

During the relevant time, Eastman was an inmate with the Illinois Department of Corrections ("IDOC") who was incarcerated at the IDOC's Taylorville Correctional Center ("Taylorville"). The individually named Defendants each worked in various medical capacities at Taylorville, and Defendant Wexford Health Sources, Inc., ("Wexford") maintained a contract with the IDOC to provide health care services to IDOC inmates.

According to Plaintiff's Amended Complaint, the individually named Defendants decided not to transfer Eastman to a local emergency department in order to receive necessary treatment, and this decision directly resulted in his death. In making this decision, these Defendants frequently communicated amongst themselves, and according to Plaintiff, these frequent discussions about Eastman's medical care raises the plausible inference that they entered into an agreement not to send Eastman to the emergency department despite knowing that such a transfer was medically necessary.

In order to support her claims against and her prayer for damages from Defendants, Plaintiff served a subpoena, pursuant to Federal Rule of Civil Procedure 45, on the Illinois Department of Financial and Professional Regulation ("IDFPR"). Plaintiff's subpoena commanded the IDFPR to produce "[a]ll documents, including disciplinary files, complaints, investigative documents, reports of judgments/settlements, and the like regarding [Defendants] . . . ." (Doc. 95-1).

After some back-and-forth amongst counsel and after the IDFPR indicated that it did not possess any responsive documents for certain Defendants, the IDFPR and

2

Plaintiff reached an impasse as to whether the IDFPR would produce responsive documents related to Defendant Dr. Percy Myers and Defendant Dr. George Duncan. Specifically, the IDFPR identified—on a privilege log—twenty-six (26) complaints (as well as investigatory documents and reports) against Dr. Myers and three complaints (and related investigatory documents and reports) against Dr. Duncan. Plaintiff has now filed the instant motions asking the Court to compel the IDFPR to produce the documents responsive to her subpoena as to Drs. Myers and Duncan.

The IDFPR has filed an objection to Plaintiff's subpoena. According to the IDFPR, Plaintiff's subpoena seeks documents, information, and material that is protected from disclosure pursuant to the Illinois Medical Practices Act ("IMPA"). 225 ILCS 60/36(e). Although the IDFPR recognizes that state law privileges do not automatically apply to cases pending in federal courts, the IDFPR contends that, in the interests of comity, federal courts should consider the law of the state in which a case arises in determining whether a privilege should be recognized as a matter of federal law. The IDFPR argues that, when the Court considers the interests that Illinois law was attempting to protect when enacting the IMPA, the Court should deny Plaintiff's motion to compel and should allow the documents requested by Plaintiff to remain confidential.

II.     Law Governing Motions to Compel

Federal Rule 45 allows a party to subpoena documents and tangible things in a non-party's possession. Fed. R. Civ. P. 45(a)(1)(A). The scope of information discoverable under Federal Rule 45 is the same as the scope available under Federal Rule 26(b)(1). *Sabuco v. Pecelunas*, 2019 WL 13215194, * 1 (N.D. Ill. Sept. 17, 2019). Federal Rule 26(b)(1) "allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's claim or defense; and (3) proportional to the needs of the case." *Barnes-Staples v. Murphy*, 2021 WL 1426875, * 2 (N.D. Ill. Apr. 15, 2021).

Furthermore, a court has "extensive discretion" to decide discovery matters. *Motorola Sols., Inc., v. Hytera Comms. Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019); *Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir. 1995) ("Because the district court is far better situated to pass on discovery matters, [the Seventh Circuit] review[s] its discovery decisions for an abuse of discretion."). Indeed, decisions on motions to compel discovery are within the broad discretion of the district court. *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citing *Meyer v. Southern Pacific Life*, 199 F.R.D. 610, 611 (N.D. Ill. 2001)). Finally, when ruling on motions to compel, "'courts have consistently adopted a liberal interpretation of the discovery rules.'" *Id.* (quoting *Wilstein v. San Tropai Condo Master Ass'n*, 189 F.R.D. 371, 375 (N.D. Ill. 1999).

III.    Analysis

In the instant case, neither the IDFPR nor Defendants argue that the documents, information, and material requested by Plaintiff are irrelevant or non-discoverable under Rule 26(b)—and with good reason. The documents, information, and material requested by Plaintiff clearly fall within Rule 26(b)'s gambit (perhaps for other reasons), at a minimum, because the documents could be relevant to Plaintiff's demand for punitive damages. In addition, counsel have engaged in several discussions that have narrowed the scope of Plaintiff's subpoena. Therefore, Plaintiff's subpoena is not so broad as to overly burden a third-party, *i.e.*, the IDFPR.

Instead, the IDFPR has refused to comply with Plaintiff's subpoena based upon a state-law privilege contained within the IMPA. The IMPA provides, in relevant part:

> All information gathered by the Department during its investigation including information subpoenaed under Section 23 or 38 of this Act and the investigative file shall be kept for the confidential use of the Secretary, the Medical Board, the Medical Coordinators, persons employed by contract to advise the Medical Coordinator or the Department, the Medical Board's attorneys, the medical investigative staff, and authorized clerical staff, as provided in this Act and shall be afforded the same status as is provided information concerning medical studies in Part 21 of Article VIII of the Code of Civil Procedure, except that the Department may disclose information and documents to a federal, State, or local law enforcement agency pursuant to a subpoena in an ongoing criminal investigation to a health care licensing body of this State or another state or jurisdiction pursuant to an official request made by that licensing body.

225 ILCS 60/36(e). As noted *supra*, the IDFPR argues that the Court should apply this privilege in this case in furtherance of the principle of comity. The IDFPR contends that the agency needs the liberty and discretion to investigate claims against the professionals subject to the agency's authority without fear that the information will

5

become public. Finally, the IDFPR asserts that the doctors and professionals subject to the IDFPR's authority are rely upon and are entitled to confidentiality of the IDFPR's investigation of any complaints made against a medical professional. Accordingly, the IDFPR objects to Plaintiff's subpoena, asks the Court to quash the subpoena, ask the Court to deny Plaintiff's subpoena served upon it, and asks the Court for an Order relieving it of its obligation to produce any further documents, material, or information to Plaintiff pursuant to Plaintiff's subpoena.

     Plaintiff's motion to compel is granted over the IDFPR's objection. As both Plaintiff and the IDFPR recognize, under Federal Rule of Evidence 501, "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege," unless provided otherwise by the United States Constitution, a federal statute, or the United States Supreme Court's rules. Fed. R. Evid. 501; *Hamdan v. Indiana Univ. Health N. Hosp., Inc.*, 880 F.3d 416, 421 (7th Cir. 2018) ("[F]ederal courts apply the federal common law of evidentiary privileges—not state-granted privileges—to claims . . . that arise under federal law."). As the objecting party who is asserting the evidentiary privilege, the IDFPR bears the burden of demonstrating that the privilege applies. *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 616 F. Supp. 3d 769, 782 (N.D. Ill. 2022) ("The party invoking a privilege has the burden to establish all essential elements of the privilege, including the lack of waiver."); *United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir. 1994) ("The party asserting an evidentiary privilege, such as the marital communications privilege, bears the burden of establishing all the essential elements.").

Although the Court recognizes the principle of comity, the United States Court of Appeals for the Seventh Circuit and other district courts within the Seventh Circuit have recognized and have held that the state law privilege arising under a similar Illinois state law—the Illinois Medical Studies Act, 735 ILCS 5/8-2101, *et seq.*—is not binding on federal courts where the plaintiff's principal claim(s) arise under 42 U.S.C. § 1983. *Green v. Meeks*, 2023 WL 1447817, * 3 (S.D. Ill. Feb. 1, 2023), *reconsideration denied*, 2023 WL 11987630 (S.D. Ill. Sept. 5, 2023), and *certificate of appealability denied*, 2023 WL 6393023 (S.D. Ill. Oct. 2, 2023) (citing cases). The Court finds the same logical applies, at least in this case, to the IMPA. "While Rule 501 provides the courts with flexibility to develop rules of privilege on a case-by-case basis, the Supreme Court stated it is "disinclined to exercise this authority expansively," especially where Congress considered the competing concerns but did not provide the privilege. *Jackson v. Wexford Health Sources, Inc.*, 2023 WL 4352068, * 4 (S.D. Ill. July 5, 2023) (citing *University of Pennsylvania v. EEOC*, 493 U.S. 182, 189 (1990) (quoting *Trammel v. United States*, 408 U.S. 665, 706 (1980)).

In fact, the Supreme Court has advised that an evidentiary privilege is not created and applied "unless it 'promotes sufficiently important interests to outweigh the need for probative evidence.'" *University of Pennsylvania*, 493 U.S. at 189 (quoting *Trammel*, 455 U.S. at 51. The Supreme Court has explained that evidentiary privileges are to be strictly construed because those privileges contravene the Federal Rule's liberal discovery policies and the right to evidence. *Id.* (quoting *Trammel*, 445 U.S. at 50).

Plaintiff's driving claim in this case is brought under § 1983 and is that

7

Defendants violated the decedent's Eighth Amendment rights. "Because state law does not supply the rule of decision as to this claim, the district court was not required to apply state law in determining whether the material sought . . . is privileged." *Memorial Hosp. for McHenry County v. Shadur.* 664 F.2d 1058, 1061 (7th Cir. 1981).

This Court agrees with the United States District Court for the Northen District of Illinois that held in *Johnson v. Cook County*:

> The factual information and conclusions contained in the Report may prove critical to Plaintiff's Section 1983 claim, which will require Plaintiff to show that widespread but unofficial Jail practices or policies led to Mr. Johnson's death. As set forth below in greater detail, that often proves difficult in cases such as this one, where an institution's official policies and procedures are easy to come by, but its *de facto* practices are much more difficult to discover. The need for truth, then, weighs in Plaintiff's favor.

*Johnson v. Cook County*, 2015 WL 5144365, * 3 (N.D. Ill. Aug. 31, 2015), *objections overruled sub nom. Johnson v. Cook County, Illinois*, 2015 WL 14069377 (N.D. Ill. Oct. 29, 2015).

Like the plaintiff in *Johnson*, Plaintiff has alleged that various Constitutional violations by Dr. Meyer, Dr. Duncan, and others led to the death of an inmate, whose safety and well-being were the responsibility of the IDOC. Congress enacted § 1983 to provide a vehicle for plaintiffs to address precisely this type of concern. *Id*. at * 4 (citing *Estate of Belbachir v. County of McHenry*, 2007 WL 2128341, * 6 (N.D. Ill. July 25, 2007). The federal interest in providing Constitutionally adequate medical care to the decedent, Plaintiff's opportunity to obtain evidence to support her claims (which she cannot obtain elsewhere), and the existence of the Protective Order entered by the Court "overrides the state interest animating the [IMPA] privilege." *Crook v. Dart*, 408 F. Supp.

8

3d 928, 930 (N.D. Ill. 2019). In sum, the Court will not allow the state law privilege codified in the IMPA to block the production of relevant evidence in this case. Accordingly, Plaintiff's motion is granted.

    IV.    Conclusion

    1.    Plaintiff's motions to compel, (Docs. 95 & 97), are GRANTED.

    2.    Accordingly, the Illinois Department of Financial and Professional Regulation is ORDERED to provide to Plaintiff any and all responsive documents to Plaintiff's subpoena issued to it.

    3.    The IDFPR is ORDERED to comply with this Order and to provide the documents responsive to Plaintiff's subpoena within fourteen (14) days from the date of this Order.

ENTERED this 28th day of July, 2025

                                        s/ Douglas J. Quivey
                                        DOUGLAS J. QUIVEY
                          UNITED STATES MAGISTRATE JUDGE